UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACOB SMITH, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| *Plaintiff*, | § § | No. _____ |
| v. | § § | |
| EXPRESS ENERGY SERVICES OPERATING, LP, | § § § | |
| *Defendant*. | § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Jacob Smith ("Smith" or "Plaintiff") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendant Express Energy Services Operating, LP (referred to as "Defendant" or "Express Energy"). In support thereof, he would respectfully show the Court as follows:

### I.  Nature of Suit

1.      Plaintiff's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2.      The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general

well-being of workers." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

3.      Defendant violated the FLSA by employing Plaintiff and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4.      Defendant violated the FLSA by failing to maintain accurate time and pay records for Plaintiff and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5.      Plaintiff brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

## II.  Jurisdiction & Venue

6.      The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7.      Venue is proper in this district and division pursuant to 28 U.S.C. §§ 1391(b)(1), (2) because Defendant resides in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Houston Division of the Southern District of Texas.

### III.  Parties

8.      Plaintiff Jacob Smith is an individual who resides in Midland, Texas and who has been employed by Defendant within the last three years.

9.      Defendant Express Energy Services Operating, LP is a Texas limited partnership that may be served with process by serving its registered agent:

Capitol Corporate Services, Inc.
206 E. 9th Street, Suite 1300
Austin, Texas 78701

Alternatively, if the registered agent of Express Energy cannot with reasonable diligence be found at the company's registered office, Express Energy may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

10.      Whenever it is alleged that Defendant committed any act or omission, it is meant that the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine and normal course and scope of employment of the company's officers, directors, vice-principals, agents, servants or employees.

### IV.  Facts

11.      Express Energy is an oilfield services company; it does business in the territorial jurisdiction of this Court.

12.     Defendant has been employed Smith as a floor hand from approximately February 2019 to the present at their Odessa location: 2258 N. Mercury, Odessa, TX 79763 ("Odessa location").

13.     Throughout Plaintiff's employment with Defendants, he was paid on an hourly basis.

14.     During Plaintiff's employment with Express Energy, he regularly worked in excess of forty hour per week.

15.     Express Energy knew or reasonably should have known that Plaintiffs worked in excess of forty hours per week.

16.     Express Energy did not pay Plaintiff the entirety of his regular wages or his overtime "at a rate not less than one and one-half times the regular rate at which [he was] employed." 29 U.S.C. § 207(a)(1).

17.     For example, Express Energy paid Plaintiff a flat fee for travel and load time and did not otherwise count that time toward its overtime obligation.

18.     Express Energy knew or reasonably should have known that Plaintiff was not exempt from the overtime provisions of the FLSA.

19.     Plaintiff's primary duties were nonexempt.

20.     Plaintiff's primary duties did not include office or nonmanual work.

21.     Plaintiff's primary duties were not directly related to the management or general business operations of Defendant or its customers.

22.     Plaintiff's duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

23.     Plaintiff did not exercise a meaningful degree of independent discretion with respect to the exercise of his duties.

24.     Plaintiff did not have the discretion or authority to make any decisions with respect to matters of significance.

25.     Instead, Plaintiff was required to follow the policies, practices and procedures set by Defendant.

26.     Plaintiff did not have any independent authority to deviate from these policies, practices and procedures.

27.     During Plaintiff's employment with Express Energy, he was engaged in commerce or the production of goods for commerce.

28.     During Plaintiff's employment with Express Energy, the company had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

29.     During Plaintiff's employment with Express Energy, the company had an annual gross volume of sales made or business done of at least $500,000.

30.     Express Energy failed to maintain accurate time and pay records for Plaintiff as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

31.     Express Energy knew or showed a reckless disregard for whether its pay practices violated the FLSA.

32.     Express Energy is liable to Plaintiff for his unpaid regular and overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

33.     All employees employed by Express Energy that were subject to this pay policy are similarly situated to Plaintiff because they (1) were subject to the same uniform pay policy or practice; (2) were in traditionally non-exempt positions; (3) regularly worked in excess of forty hours per week; (4) are not paid the entirety of their overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (5) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Defendant pursuant to 29 U.S.C. § 216(b).

## V.  Count One—
## Failure to Pay Overtime in Violation of 29 U.S.C. § 207(a)

34.     Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

35.     During Plaintiff's employment with Express Energy, he was a nonexempt employee.

36.     As a nonexempt employee, Express Energy was legally obligated to pay Plaintiff "at a rate not less than one and one-half times the regular rate at which [he was] employed[]" for the hours that they worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

37.    Express Energy did not pay Plaintiff the entirety of his regular wages or overtime as required by 29 U.S.C. § 207(a)(1) for the hours he worked in excess of forty per week.

38.    Instead, Express Energy paid Plaintiff only a portion of his regular and overtime hours each workweek.

39.    In other words, Express Energy paid Plaintiff part of his regular and overtime hours at a rate less than one and one-half times the regular rate at which he was employed in violation of the FLSA.

40.    If Express Energy classified Plaintiff as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

41.    Express Energy knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA; in other words, Express Energy willfully violated the overtime requirements of the FLSA.

## VI.  Count Two—
### Failure to Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

42.    Plaintiff adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

43.    The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

44.     In addition to the pay violations of the FLSA described above, Express Energy also failed to keep proper time and pay records as required by the FLSA.

## VII.  Count Three—
## Collective Action Allegations

45.     Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

46.     On information and belief, other employees have been victimized by Express Energy's violations of the FLSA identified above.

47.     These employees are similarly situated to Plaintiff because, during the relevant time period, they were subject to the same pay practice or policy, was in a traditionally nonexempt position, and were compensated in a similar manner and were denied overtime wages at one and one-half times his regular rate for hours worked over forty in a workweek.

48.     Express Energy's policy or practice of failing to pay the entirety of their employees' overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances or position of the putative class members.

49.     Since, on information and belief, Plaintiff's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

50.     All employees of Express Energy, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which they were employed for all the hours that they worked over forty in a workweek are similarly situated. Although the issue

of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The class is therefore properly defined as:

> All hourly, non-exempt employees, regardless of position, that were not paid at one and one-half times their regular rate for hours worked over forty in a workweek.

51.     Express Energy is liable to Plaintiff and the members of the putative class for the difference between what it actually paid them and what it was legally obligated to pay them.

52.     Because Express Energy knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Plaintiff and the members of the putative class their unpaid regular and overtime wages for at least the last three years.

53.     Express Energy is liable to Plaintiff and the members of the putative class in an amount equal to their unpaid overtime wages as liquidated damages.

54.     Express Energy is liable to Plaintiff and the members of the putative classes for their reasonable attorneys' fees and costs.

55.     Plaintiff has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on his behalf and on behalf of all other putative class members.

## VII.  Prayer

56.     Plaintiff prays for the following relief:

    a.     an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

b.  judgment awarding Plaintiff and the members of the putative class all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

c.  post judgment interest at the applicable rate;

d.  incentive awards for any class representative(s); and

e.  all such other and further relief to which Plaintiff and the putative class may show themselves to be justly entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: _____
Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**